COMMONWEALTH of Kentucky, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF HIGHWAYS, Appellant,

v.

Edward W. COMBS, Appellee.

Court of Appeals of Kentucky.

May 11, 1979.

Discretionary Review Denied Oct.
23, 1979.

Ed W. Hancock, Dept. of Transportation, Frankfort, Russell L. Wilkey, Manchester, Walter T. Collins, Louisville, for appellant.

R. Cletus Maricle, Manchester, for appellee.

Before HOGGE, LESTER and VANCE, JJ.

VANCE, Judge.

This is an appeal from an order dismissing appellant's complaint for lack of subject matter jurisdiction.

The complaint seeks recovery of money "had and received" by appellee from appellant which was alleged to be an excess of workmen's compensation benefits. In the oral argument it was agreed that appellee was injured while in the employ of appellant; that appellant voluntarily commenced payment of workmen's compensation benefits, and no application for adjustment of benefits was ever filed with the Workmen's Compensation Board.

Voluntary payments by appellant continued until November, 1976, when appellant claims to have discovered that appellee returned to work for another employer in March, 1976. Appellant contends the voluntary payments between March, 1976, and November, 1976, were excess payments paid under a mistake of fact.

We think it clear that the Workmen's Compensation Board is the only forum for determination of benefits due under the Workmen's Compensation Act. Here the employer acknowledges liability for a given number of weeks but contends that disability ceased in March, 1976, and that he is entitled to recover all sums voluntarily paid after that time. In effect the employer is seeking to litigate in circuit court rather than before the Workmen's Compensation Board the question of when disability terminated. The trial judge correctly ruled that such a determination was beyond the jurisdiction of the circuit court.

The judgment is affirmed.

All concur.