**CITY OF LOUISVILLE, Appellant,**

v.

**Howard S. BURCH, Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1981.

Michael W. Lowe, Paul V. Guagliardo, Louisville, for appellant.

Kevin George, Eli J. George, Jr., Louisville, for appellee.

Before COOPER, GANT and REYNOLDS, JJ.

REYNOLDS, Judge.

The appellant, City of Louisville/employer, filed an indemnity action against its employee, Howard Burch/appellee, seeking to recover workers' compensation payments made to him for medical expenses and compensation for loss of work.

Appellee, a Louisville police officer, was injured in a motor vehicle accident and received payments from his employer as follows: $1,104, loss of work payments (being only a portion of his lost wages); and $4,093.50 medical payments. Appellee filed a tort action against the driver of the vehicle which struck his automobile, and the employer received no notice of the suit which was settled immediately after the complaint was filed. The settlement payment made to Mr. Burch was for the sum of $10,668.98 which represented the maximum of the bodily injury liability coverage afforded by the adverse party's liability insurance carrier, and the remaining balance of the settlement represented payment for Mr. Burch's automobile property damage. A settlement release was executed by Mr. Burch and his wife. Subsequently, Mr. Burch filed a no-fault claim with his own insurance carrier and collected that portion of his lost wages which had not been paid for by the city's workers' compensation fund. No claim was maintained for medical expenses which had been paid by the city's workers' compensation fund.

The trial court denied appellant's motion for summary judgment and granted appellee's motion to dismiss appellant's action, and the city maintains that the court erred by failing to grant it summary judgment and that it was error to dismiss appellant's complaint.

There is no dispute as to the facts, and at the time of the automobile wreck Mr. Burch was covered under the provisions of an automobile policy of State Farm which provided no-fault benefits for medical expenses and loss of wages. Since the employee, Mr. Burch, was considered to be in the course of his employment as a police officer at the time of injury, he was entitled to, and did, receive workers' compensation benefits which provided for payment of all his medical expenses and only a maximum of $112 per week in wage benefits. Burch's expenses exceeded the medical threshold designated in K.R.S. 304.39–060(2)(b) and he was entitled to maintain a claim/action for pain and suffering, decrease of earnings and other related noneconomic damages, if applicable. The appellant's complaint is based primarily upon K.R.S. 342.700, and appellant correctly cites *Aetna Casualty & Surety Company v. Snyder*, Ky., 291 S.W.2d 14 (1956), which under the proper circumstances would authorize the appellant to maintain a claim against an employee. Appellee maintains that the city's action is derivative and it has no rights in excess of those which its employee would have against the adverse automobile driver and that therefore under the facts of this case K.R.S. 304.39–060 would preclude this cause of action.

■ Appellant, in support of its argument, maintains that appellee's failure to give due and timely notice to the employer of the filing of an action against the tortfeasor affected its right of recovery from the other person in whom legal liability for damages existed. We agree. The requirement of K.R.S. 342.700 as to due and timely notice is mandatory. *United States Fidelity & Guaranty Co. v. Smith*, Ky., 580 S.W.2d 216 (1979), advances the notice requirement of K.R.S. 342.700 in actions involving the rights of parties where claims have arisen under the no-fault statute.

Appellee's argument is an intriguing one, but the case of *Ohio Sec. Ins. Co. v. Drury,* Ky.App., 582 S.W.2d 64 (1979), is not applicable to the circumstances of this case. We do not determine appellee's failure to give notice to be of critical importance at this stage of the litigation wherein the trial court had only the pleadings before it since this action was filed under KRS 342.700. The appellant's right of recovery or recoupment is based on a claim for money had and received by appellee for the use of the city's workers' compensation fund that is impliedly given by the aforementioned statute. *Aetna Casualty & Surety Company, supra.*

■ Appellee finally argues that KRS 342.700 does not apply in this action because the payments by the City of Louisville were voluntary and not "awarded" as the result of any action by the employee against his employer. That statute, in pertinent part, reads as follows:

> . . . If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe, less the employe's legal fees and expense.

When read as a whole, where the statute says "having paid the compensation" and "indemnity paid," it is our opinion that the word "awarded" means "paid to the employee." To hold otherwise would clearly violate the intention of the Chapter and public policy by requiring the employer, in all cases, to deny liability and require a claim to be filed before the Workers' Compensation Board in order to protect its right of subrogation.

Material factors exist which are not yet a part of this record, and it was error either to grant summary judgment and/or a motion to dismiss. The question to be determined is whether appellee has made a double recovery, and the answer lies somewhere within the provisions of appellee's settlement with the tort-feasor.

The order of Jefferson Circuit Court dismissing the action is reversed with directions to reinstate the case upon the docket for further proceedings in conformity with this opinion.

All concur.