Harold E. HILLMAN, Movant,

v.

AMERICAN MUTUAL LIABILITY IN-
SURANCE COMPANY, Respondent.

Supreme Court of Kentucky.

April 20, 1982.

David O. Welch, Law Offices of David O. Welch, Ashland, for movant.

Gordon J. Dill, Jr., Creech, Conn & Dill, Ashland, for respondent.

AKER, Justice.

On August 17, 1973, movant Harold E. Hillman was seriously injured while in the course of his employment with Lincoln Income Life Insurance Company when the car he was driving was struck by a coal truck negligently driven by Orville E. Stoops and owned by Charles and Emma Lewis.

Hillman filed a claim for workers' compensation benefits against his employer, Lincoln Income Life, whose compensation carrier was the respondent, American Mutual Liability Insurance Company. Hillman also filed a common law civil action against Orville E. Stoops and Charles and Emma Lewis. During the pendency of Hillman's tort action in Boyd Circuit Court, American Mutual intervened to assert its claim for subrogation based on the benefits and medical expenses paid to Hillman against the third-party tortfeasors, Stoops and Lewises.

Pretrial discovery disclosed that the Stoops' and the Lewises' only asset was a liability insurance policy issued by Grange Mutual Casualty Insurance Company in the amount of $25,000. In view of Hillman's total and permanent disability resulting from the accident and being a case of uncontested liability, the parties entered into an agreed order of judgment in favor of Hillman and American Mutual against Stoops and his principals, the Lewises for the maximum sum recoverable under the

policy, $25,000. This sum was paid into the trial court subject to distribution after determining the claims of Hillman and American Mutual.

Following a trial before the court, sitting without a jury, the court made the following findings of fact on the issue of damages claimed by the parties:

For movant Harold E. Hillman:

A. Lost wages, over and above weekly benefits paid by the compensation carrier, $40,222.00;

B. Future impairment of earning power, $166,920.00;

C. Past pain and suffering, $130,000.00;

D. Future pain and suffering, $400,000.00;

TOTAL $737,142.00.

For respondent American Mutual:

A. Weekly benefits paid to Hillman, $37,626.46;

B. Medical expenses paid to Hillman, $7,712.96;

C. Future benefits to be paid to Hillman, $50,080.58;

TOTAL $95,420.00.

Hillman's claims of $737,142.00 represented 88.6% of the $832,562.00 in damages found by the trial court, while American Mutual's $95,420.00 represented the remaining 11.4%.

The trial court then determined that since the $25,000.00 paid into the court on behalf of Stoops and the Lewises was not sufficient to satisfy the claims of both the compensation insurance carrier and the injured employee, the $25,000 should be apportioned according to each party's proportionate interest, i.e., 88.6% to Hillman and 11.4% to American Mutual.

The Court of Appeals reversed and held under KRS 342.700 the subrogation interest of the compensation carrier is entitled to priority over the common law recovery interest of the injured employee where a third-party tortfeasor's assets were not large enough to satisfy the claims of both parties. We granted discretionary review and reverse.

We are presented with the question of whether the subrogation interest of the compensation carrier under KRS 342.700(1) has priority over the common law recovery interest of an injured employee as against the limited assets of third-party tortfeasors.

KRS 342.700(1) provides:

Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe, less the employe's legal fees and expense.

This question was raised but not answered in *Southern Quarries & Contracting Company v. Hensley*, 313 Ky. 640, 232 S.W.2d 999 (1950) and *Stacy v. Noble*, Ky., 361 S.W.2d 285 (1962). In both cases, we refused to speculate on the apportionment of damages between the compensation carrier and the injured employee when the verdict failed to reveal that the jury had made a separate allowance for special damages in its verdict.

In the present case, the trial court made specific findings on each element of damage claimed by Hillman and American Mutual. Hillman's itemized damages included: lost wages in excess of compensation benefits

paid by American Mutual, future impairment of earning power, and pain and suffering.

■ Although compensation benefits are calculated on the basis of lost earnings, the percentage of disability reflects the loss of future earnings and earning power as well. To the extent, therefore, that the claimant recovers these items of damage against a third-party tortfeasor, the compensation carrier is subrogated and, we believe, is entitled to be reimbursed before the claimant collects. To the extent, however, that the recovery against the tortfeasor represents items of damage (e.g., pain and suffering) *not* covered by workers' compensation, the carrier has no right against that recovery at all.

■ In this case, the award for pain and suffering totalled $530,000. All of the other awards fall under the category of lost earnings and earning power (plus medical expenses paid) against which the carrier is entitled to subrogation. They total $302,562, as follows:

| | |
|---|---|
| Weekly benefits paid | $37,626.46 |
| Weekly benefits to be paid | 50,080.58 |
| Lost wages in excess of benefits | 40,222.00 |
| Lost earning power | 166,920.00 |
| Medical expenses paid | 7,712.96 |
| TOTAL | $302,562.00 |

Since there is not enough to pay the amount of the judgment, the claimant and the carrier should share the amount recoverable ($25,000.00) pro rata, as between the portion of the judgment that is subject to subrogation ($302,562.00) and the portion that is not ($530,000), or: Claimant—63.6% and Carrier—36.4%

The decision of the Court of Appeals and the judgment of the Boyd Circuit Court are reversed and this cause is remanded to the circuit court for entry of judgment consistent with this opinion.

All concur.