Robert L. WHITTAKER, Director
of Special Fund, Appellant,

v.

Phyllis HARDIN; Kentucky Department of Transportation; Donald G. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 1999–SC–0584–WC.

Supreme Court of Kentucky.

Aug. 24, 2000.

As Modified Dec. 21, 2000.

David W. Barr, Frankfort, for Appellant.

Jackson W. Watts, Versailles, W. Charles Jobson, Ferreri & Fogle, Louisville, for Appellees.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals reversing and remanding an opinion of the Workers' Compensation Board which affirmed an opinion and award of an Administrative Law Judge.

Hardin was injured in an automobile accident while working for the Department of Transportation. She filed a personal injury action for damages against the driver of the other vehicle. Her employer, the

Department of Transportation, intervened in the action to recoup medical expenses and income benefits it paid and would pay to Hardin as workers' compensation benefits. Eventually the tort action settled with the agreement and participation of the Department of Transportation. The settlement of $100,000 included an attorneys' fees of $25,000 and expenses of $3,273.76, leaving a balance of $71,726.24 for Hardin. The settlement agreement provided no allocation among types of damages and stated that the claim was to be dismissed with prejudice.

Hardin also filed a worker's compensation claim against the Department of Transportation and the Special Fund. When the claim came before the Administrative Law Judge, it was stipulated that Transportation paid temporary total disability benefits of $235.36 per week from March 9, 1995 through July 23, 1996, for a total of $16,911.38, and had paid medical expenses for Hardin in the sum of $30,923.50. The ALJ awarded Hardin total permanent disability benefits beginning on March 9, 1995 of $235.36 per week. Liability for the award was apportioned equally between the Department of Transportation and the Special Fund. The findings by the ALJ concerning the extent of Hardin's disability and the apportionment of liability for the award are not contested in this case. The ALJ stated that because the parties in the civil action failed to allocate the settlement between compensable and noncompensable items of damage, he had no means of determining an allocation. Consequently, the ALJ awarded the Department of Transportation and the Special Fund a credit against Hardin's future compensation benefits totaling $71,726.24, the entire net settlement proceeds.

The Workers' Compensation Board affirmed the decision by the ALJ because it believed the ALJ was without jurisdiction to make such an allocation. The Court of Appeals reversed and remanded. It held that KRS 342.325 confers upon the ALJ the right to resolve all questions arising under Chapter 342, and it directed the ALJ to make appropriate findings regarding the allocation of the settlement proceeds. This appeal followed.

The Special Fund and the Department of Transportation argue that where there is no allocation of damages in a settlement between the injured employee and the tortfeasor, the compensation carrier is entitled to the entire recovery as a subrogation credit. They also contend that it is not the ALJ's role to make findings of apportionment where there has not been one in the civil suit. We disagree.

■ Hardin is entitled to have an independent and impartial trier of fact allocate elements of damages. *See Mastin v. Liberal Markets*, Ky., 674 S.W.2d 7 (1984); *Hillman v. American Mutual Liability Insurance Co.*, Ky., 631 S.W.2d 848 (1982). Reliance by the Special Fund and the Department of Transportation on *Southern Quarries and Contracting Co. v. Hensley*, Ky., 313 Ky. 640, 232 S.W.2d 999 (1950) and *Stacy v. Noble*, Ky., 361 S.W.2d 285 (1962), is misplaced. In *Hensley, supra,* the compensation carrier had paid $9,000 in income benefits. In the civil action against the tortfeasor, a jury awarded the plaintiff $6,000. *Hensley* held that the compensation carrier, which had intervened in the personal injury claim was entitled to the entire $6000 recovery minus attorney fees and expenses. The injured employee claimed that the compensation carrier was not entitled to the whole recovery because part of the jury award had to be for pain and suffering which is not compensable under the Act. *Hensley* stated:

It is sufficient to answer to this contention that the jury in its verdict made no allocation for pain and suffering. The jury simply divided its verdict into a certain sum for medical expenses and hospital bills and a certain sum for bodily injuries. We cannot speculate or guess what proportion of the $6,000, if any, was for pain and suffering.

Similarly, in *Stacy, supra,* the jury verdict in the personal injury claim did not account for special damages. The court quoted *Hensley,* in ruling that the entire jury award was to be credited for subrogation. It also refused to speculate as to the elements of damages because the jury had the opportunity to allocate for special damages and chose not to.

*Hensley* and *Stacy* do not apply in this situation because in both of those cases a jury had the ability to allocate damages and did not. Here, the personal injury claim was settled, not decided by a jury. Furthermore, unlike *Mastin,* the employer was party to the agreement, and the parties did not agree to an allocation of the proceeds among the items of damage. We are persuaded that in this situation because there has never been an opportunity for the allocation of damages by an independent and impartial trier of fact, to which Hardin is entitled, this case must be remanded for such a determination. *Mastin; Hillman, supra.*

Moreover, the ALJ has jurisdiction to determine credit for subrogation. KRS 342.325 defines the jurisdiction of the ALJ. It states as follows:

> All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the arbitrator or administrative law judge, shall be determined by the arbitrator or administrative law judge except as otherwise provided in this chapter.

■ The right to subrogation credit in a worker' compensation case is purely statutory. *See* KRS 342.700. Thus, because the statutory right to subrogation falls with the workers' compensation chapter, then by definition, the administrative law judge has jurisdiction to resolve any subrogation issues.

■ The burden of proving the affirmative defense of entitlement to a credit is on the employer. Where prima facie evidence of a credit is introduced, the burden of going forward with evidence that a portion of the tort recovery is not available for subrogation credit should be properly placed on the employee. In support of this view, we find that *Hensley* and *Stacy* are persuasive and apply. A review of the record indicates that Hardin presented sufficient evidence for the ALJ to allocate the damages properly.

■ It should be made abundantly clear that once an independent trier of fact has made an allocation of damages, Hardin is entitled to recover her share of damages before the employer or the Special Fund can recover its subrogation interest. *See Great American Insurance Companies v. Witt,* Ky.App., 964 S.W.2d 428 (1998). In *Witt,* the Court of Appeals held that injured employees and the compensation carrier were no longer on the same level in seeking recovery for their losses. Priority is now given to "making whole" the injured employee. Consequently, neither the employer nor the Special Fund should recover its subrogation interest until Hardin recovers all of her damages.

The motion by Hardin to strike the response brief of the Kentucky Department of Transportation is denied. We also decline the request by counsel for Hardin to award attorneys' fees or to impose sanctions in this case.

The opinion of the Court of Appeals is affirmed. This case is remanded to the ALJ to make appropriate findings regarding the allocation of the settlement proceeds between compensable and noncompensable items of damage and to award any appropriate credit to the employer and the Special Fund.

All concur.