CLARENDON NATIONAL INSURANCE COMPANY, Appellant,

v.

James VETOR; John T. Lunsford; and Kentucky Farm Bureau Mutual Insurance Company, Appellees.

No. 2004–CA–000043–MR.

Court of Appeals of Kentucky.

May 27, 2005.

Edwin H. Clark, Clark Law Office, Lexington, KY, for Appellant.

Roy G. Collins, Morgan, Madden, Brashear & Collins, PLLC, Manchester, KY, for Appellee James Vetor.

Deborah R. Lewis, Engle & Lewis, LLP, Hazard, KY, for Appellee Kentucky Farm Bureau Mutual Insurance Company.

David Howard, London, KY, for appellee John T. Lunsford.

Before BUCKINGHAM, McANULTY, and VANMETER, Judges.

*OPINION*

McANULTY, Judge.

On Monday, August 19, 2002, James Vetor (Vetor) sustained injuries when the car in which he was a passenger was involved in a motor vehicle accident with John T. Lunsford's vehicle. At the time, Vetor was an employee of Windshields & More, Inc., and the accident occurred during the

workday. As a result of his injuries, Vetor was unable to return to work for a few months. Clarendon National Insurance Company (Clarendon), the workers' compensation insurer for Windshields & More, Inc., paid Vetor benefits totaling $10,458.84. Less than two months after the accident, Vetor filed a civil lawsuit against John T. Lunsford (Lunsford). Under KRS 342.700, Clarendon intervened in Vetor's civil action to recover the workers' compensation benefits it paid to Vetor to prevent him from obtaining a double recovery. The trial court allowed Clarendon to intervene but eventually dismissed its claim on the basis that it lacked subject matter jurisdiction. In this case, we are asked to decide if a workers' compensation claimant may recover from both the workers' compensation insurer and the tortfeasor for those elements of the recovery that duplicate the elements covered by workers' compensation when it was ultimately decided that the injury for which the claimant sought benefits was not work-related. Because Kentucky law prohibits such a double recovery and the circuit courts have jurisdiction to hear subrogation actions of this kind, we reverse and remand. However, because the claimant has yet to recover under his civil action against the tortfeasor and the insurer has intervened in the underlying action, we affirm the trial court's dismissal of Clarendon's indemnification claim against Vetor.

## The Workers' Compensation Proceedings

Clarendon voluntarily paid temporary total disability benefits and medical benefits immediately following the accident, but it ceased making such payments after four months. After Clarendon stopped making payments, Vetor filed a workers' compensation claim.

An administrative law judge (ALJ) conducted a benefit review conference on July 23, 2003. At issue in the conference was whether Vetor was entitled to temporary total disability from December 16, 2002, to January 23, 2003 (the time between when Clarendon stopped paying benefits and the day Vetor returned to work at Windshields & More) and whether Vetor's injury was work-related. At the conclusion of the hearing, the ALJ found that Vetor was running a personal errand at the time of the accident. The ALJ determined that the injury was not work-related and dismissed Vetor's claim. And the ALJ noted that all other issues were rendered moot by this finding. Neither party appealed the ALJ's decision.

## Vetor's Civil Lawsuit Against Lunsford

Less than two months after Vetor was injured in the accident, he filed a lawsuit against Lunsford seeking damages including his lost wages and past medical expenses. Later, the trial court permitted Vetor to amend his complaint to add Kentucky Farm Bureau Insurance Company (Kentucky Farm Bureau), his underinsured motorist provider, as a defendant.

Four months after Vetor filed his lawsuit, Clarendon made a motion to intervene in the action under KRS 342.700. The trial court granted Clarendon's motion to intervene. After being allowed to intervene, Clarendon filed its complaint asserting its right of subrogation and demanding judgment against Lunsford—and Kentucky Farm Bureau when they were named as defendants—for the amount of workers' compensation payments that it made to Vetor. Later, the trial court permitted Clarendon to amend its complaint to seek indemnification from Vetor under *City of Louisville v. Burch,* 611 S.W.2d 532 (Ky.App.1981) (allowing an employer's indemnity action to proceed against its employee to recover workers' compensation payments made to the employee after the employee successfully brought a personal

injury lawsuit against the third-party tort-feasor). Vetor, Lunsford, and Kentucky Farm Bureau opposed Clarendon's claims.

During the course of the proceedings, Clarendon filed a motion for summary judgment. And Kentucky Farm Bureau, Lunsford, and Vetor filed motions to dismiss Clarendon's amended intervening complaint.

In response to the various motions before the trial court, it entered three separate orders on December 16, 2003. In one order, the trial court granted Kentucky Farm Bureau's motion to dismiss Clarendon's amended intervening complaint against it on the basis that it did not have subject matter jurisdiction over the causes of action alleged. In a second order, the trial court granted Lunsford's motion to dismiss Clarendon's amended intervening complaint against him. In this order, however, the trial court gave no basis for its dismissal. In a third order, the trial court denied Clarendon's motion for summary judgment against Lunsford on the basis that it appeared to the court that KRS 342.700 did not support Clarendon's claim against Lunsford and in light of the court's ruling dismissing Clarendon's claim against Lunsford. In addition to the three orders entered December 16, 2003, the trial court entered a fourth order on December 22, 2003, dismissing Clarendon's complaint against Vetor on the basis that the trial court did not have subject matter jurisdiction. Clarendon appeals from these four orders.

Consistent with its arguments in the lower court, on appeal, Clarendon relies on KRS 342.700 and *Burch* for its argument that a workers' compensation claimant may not recover from both a workers' compensation insurer and a third-party tortfeasor for the same elements of the same injury. Allowing a claimant to do so violates the provision against double recovery of KRS 342.700(1). Clarendon further argues that circuit courts have subject matter jurisdiction to hear indemnification and subrogation actions under KRS 342.700. Finally, Clarendon contends that it is entitled to summary judgment against Vetor.

In response to Clarendon's arguments on appeal, Vetor contends that the trial court properly determined that it did not have subject matter jurisdiction over Clarendon's claims because the workers' compensation board is the only forum for determination of benefits due under the Workers' Compensation Act. In the alternative, Vetor argues that this Court should summarily dismiss Clarendon's claim for its failure to state a claim. Contrary to Clarendon's assertion, under these facts KRS 342.700 does not provide an insurer with an indemnity action against the employee.

Lunsford argues that KRS 342.700 does not allow a workers' compensation carrier that has voluntarily paid benefits to its insured who was not entitled to those benefits to recover those benefits from a third party in a personal injury lawsuit filed by the insured against the third party. And Lunsford argues that Clarendon's appeal from the trial court's denial of summary judgment was not from a final and appealable order since it did not constitute a final determination of the parties. Finally, Lunsford asserts that the trial court was correct in denying Clarendon's motion for summary judgment because genuine issues of material fact remained that precluded summary judgment.

Kentucky Farm Bureau joins in Vetor's argument that the exclusive forum for workers' compensation benefits is the workers' compensation board. And Kentucky Farm Bureau argues that the trial court was correct in granting its motion to dismiss because the injury was not work-related. Thus, Clarendon was not obligated to make any payments on behalf of

Vetor. Finally, Kentucky Farm Bureau joins in Lunsford's argument that the trial court's order denying summary judgment was not final and appealable. In the alternative, Kentucky Farm Bureau asserts that Clarendon is not entitled to summary judgment.

We begin our analysis with the main issue on appeal: Did the Clay Circuit Court have jurisdiction to hear Clarendon's subrogation and indemnity claims under KRS 342.700? The answer to this question involves a couple of sub-issues. And we will first address the subrogation claim. Considering the facts of this case and the language and purpose of KRS 342.700(1), we conclude that the circuit court did have jurisdiction to hear this claim. Thus, we conclude the dismissal of the subrogation claim was improper.

KRS 342.700(1) is as follows:

Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against the other person to recover damages, or proceed both against the employer for compensation and the other person to recover damages, but he shall not collect from both. If the injured employee elects to proceed at law by civil action against the other person to recover damages, he shall give due and timely notice to the employer and the special fund of the filing of the action. If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense. The notice of civil action shall conform in all respects to the requirements of KRS 411.188(2).

Under KRS 342.700, Clarendon is subrogated to the payments the injured employee has received from the alleged tortfeasor on those elements of the recovery that duplicate the elements covered by workers' compensation. *Mastin v. Liberal Markets*, 674 S.W.2d 7, 11 (Ky.1984); *Old Republic Ins. Co. v. Ashley*, 722 S.W.2d 55, 59 (Ky.App.1986). Once an insurance carrier—like Clarendon—receives notice of the employee's lawsuit, it may assert its claim for subrogation by intervening in the lawsuit. *See Hillman v. American Mut. Liability Ins. Co.*, 631 S.W.2d 848 (Ky. 1982).

The policy behind KRS 342.700 (formerly KRS 342.055) is that an injured employee should not recover from both the workers' compensation carrier and a third-party tortfeasor. *See Old Republic*, 722 S.W.2d at 59. Allowing a workers' compensation carrier to intervene in an action filed by an employee injured through the negligence of a third person is fair because:

the employer who was without fault comes out even, the third party who caused the injury pays exactly the damages it would normally pay, and the employee usually get [sic] a larger sum for his or her injury than he or she would by proceeduing [sic] under the Workmen's Compensation Act alone.

*Aetna Cas. & Sur. Co. v. Snyder*, 291 S.W.2d 14, 16 (Ky.1956) (overruled in part on other grounds in *Charles Seligman Distributing Co. v. Brown*, 360 S.W.2d 509, 511 (Ky.1962)).

In opposing jurisdiction, Lunsford relies on a phrase in the first sentence of KRS

342.700(1), which provides "[w]henever an injury for which compensation is payable under this chapter." He argues that the ALJ determined that compensation was not payable under workers' compensation because Vetor's injury was not work-related. So Clarendon cannot use KRS 342.700 to maintain a subrogation claim against Lunsford. We disagree.

■ Reading KRS 342.700 as a whole and considering its purpose, it is our opinion that a workers' compensation insurer that voluntarily paid benefits based on an employee's representation—albeit misrepresentation—that his injuries were work-related should not be precluded from asserting its subrogation right in a subsequent lawsuit. There is no dispute that those benefits paid by Clarendon to Vetor were workers' compensation benefits. As such, Clarendon is entitled to recoup those benefits if Vetor recovers in his lawsuit against Lunsford.

■ We find further support for the above conclusion in the general principle behind common law subrogation:

Subrogation is purely an equitable doctrine. . . . It may or may not arise from contract and the right to the relief it affords depends on the facts and circumstances in each particular case. The doctrine is one of benevolence to prevent unjust enrichment and it attempts to do complete justice between the parties. It is no fixed or inflexible rule and its object is to prevent injustice. It does not ordinarily apply to volunteers, but it may be invoked in favor of one who voluntarily pays a debt of another where the payor has some interest to protect.

*Evans' Adm'r v. Evans,* 304 Ky. 28, 199 S.W.2d 734, 737 (1947) (internal citations omitted).

In this case, Clarendon was not a volunteer when it paid Vetor temporary total disability benefits and medical benefits, but was complying with its duties under Chapter 342 to provide income and medical benefits for what it believed at the time was a work-related injury. As to the dismissal of Clarendon's subrogation claims against Lunsford and Kentucky Farm Bureau, we reverse and remand.

In reversing and remanding the judgment as to the subrogation claim, we acknowledge the case cited by Vetor and Kentucky Farm Bureau—*Com., Dept. of Trans., Bureau of Highways v. Combs,* 587 S.W.2d 261 (Ky.App.1979)—but do not rely on this case because it has nothing to do with subrogation actions brought under KRS 342.700. We do believe, however, that this case is relevant as to the indemnification action brought against Vetor as we will discuss below.

■ We move to the propriety of the trial court's dismissal of the indemnification claim under KRS 342.700 against Vetor. In bringing this claim, Clarendon relied on *Burch,* 611 S.W.2d 532. In that case, an employer that had paid workers' compensation benefits was permitted to bring an indemnification action against its employee, Burch, to recover those payments after Burch recovered in civil lawsuits against the third-party tortfeasor and Burch's insurance carrier. In allowing the employer to proceed against its employee, the *Burch* court held that KRS 342.700 impliedly gave a right of recovery based on a claim for "money had and received" by the employee for use of the employer's workers' compensation fund. *Burch* at 534 (relying on *Aetna Cas. & Sur. Co.,* 291 S.W.2d at 16).

On this claim, we believe that *Burch* and *Aetna Cas. & Sur. Co.* are distinguishable because in those cases the employee had recovered from the third-party tortfeasor, and the workers' compensation carrier had not intervened in the underlying action. That is not the case here. Vetor may or may not be successful in his claim against Lunsford. But if he is successful, Claren-

don has asserted its right of subrogation on all elements of the recovery for which Vetor has received workers' compensation. On remand, Clarendon will recover under that right.

■ Returning to the language of KRS 342.700, we do not believe that it evinces an intent to allow an indemnity action against the employee who received workers' compensation benefits but may or may not recover from a third party in a civil lawsuit. KRS 342.700 provides the workers' compensation carrier with subrogation rights, which subrogation claim depends entirely on the plaintiff's claims against the defendants. *See Stewart v. General Motors Corp.*, 222 F.Supp.2d 845, 847 fn. 1 (W.D.Ky.2002). As such, the indemnification claim against Vetor was improper. Clarendon's remedy—if it still has one given the route it has chosen to take—should Vetor not recover in his civil lawsuit is in the exclusive jurisdiction of the workers' compensation board. *See* KRS 342.335; KRS 342.310; *Combs*, 587 S.W.2d at 261 (proper forum for proceedings against employee for benefits improperly claimed is the workers' compensation board). As to the dismissal of the indemnification claim against Vetor, we affirm.

Given the trial court's dismissal of all of Clarendon's claims, the trial court's order denying Clarendon's motion for summary judgment was superfluous. We will not consider the merits of Clarendon's motion for summary judgment.

For the foregoing reasons, the judgment of the Clay Circuit Court is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

ALL CONCUR.