## LAND v THE GEORGE SCHMIDT COMPANY

Docket No. 61879. Submitted November 8, 1982, at Detroit.—Decided December 20, 1982. Leave to appeal denied, 417 Mich 1083.

Plaintiff, Patricia Land, suffered work-related injuries for which she has been receiving workers' compensation benefits from her employer, intervening plaintiff, General Motors Corporation, Assembly Division. Plaintiff also filed a civil action in tort in the Wayne Circuit Court against the defendant, The George Schmidt Company, the manufacturer of the machine which plaintiff was using at the time of her accident. The tort action ended in a pretrial settlement with the parties stipulating that plaintiff had been 50% negligent and thus the settlement amount reflected the appropriate comparative negligence adjustment. General Motors Corporation, Assembly Division, intervened and asserted its statutory right to a lien against the settlement in the amount of workers' compensation benefits paid to plaintiff to date. The circuit court, Theodore R. Bohn, J., ruled that the intervening plaintiff's statutory lien was to be reduced by 50%, the stipulated adjustment for plaintiff's negligence, and entered an order to that effect. The intervening plaintiff appeals. *Held:*

1. The Worker's Disability Compensation Act provides clearly and unambiguously that the employer or carrier is to be reimbursed from any recovery against a third party for any amounts paid or payable to the employee under the act as of the date of the recovery.

2. The circuit court impermissibly strayed from the plain language of the Worker's Disability Compensation Act by ordering that the intervening plaintiff was entitled to reimbursement of only 50% of the amounts paid under the act.

Circuit court's order vacated and the cause remanded for an order consistent with the opinion.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation § 77.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 423, 429.

Validity and construction of liability policy provision requiring insured to reimburse insurer for payments made under policy. 29 ALR3d 291.

[3] 73 Am Jur 2d, Statutes § 194.

1. Workers' Compensation — Election of Remedies — Third-Party Tortfeasors.

The Worker's Disability Compensation Act provides that acceptance of compensation benefits shall not act as an election of remedies and that injured employees may also proceed to enforce the liability of third-party tortfeasors for their work-related injuries (MCL 418.827[1]; MSA 17.237[827][1]).

2. Workers' Compensation — Third-Party Tortfeasors — Reimbursement for Benefits Paid.

The Worker's Disability Compensation Act provides that after deducting for the expenses of a recovery from a third-party tortfeasor any recovery must first be used to reimburse the employer or workers' compensation carrier for compensation benefits paid or payable to date with the balance of the recovery, if any, to be treated as a credit against compensation benefits to be paid in the future; the injured employee, therefore, ultimately receives the more generous of the tort or workers' compensation recoveries (MCL 418.827[5]; MSA 17.237[827][5]).

3. Statutes — Judicial Construction.

The judiciary will apply a statute in accordance with its plain meaning where the statute is clear and unambiguous, thus leaving no room for judicial interpretation or construction.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Elizabeth J. Larin*), for plaintiff.

*Otis M. Smith,* General Counsel, and *Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for intervening plaintiff.

Before: D. C. Riley, P.J., and N. J. Kaufman and D. F. Walsh, JJ.

D. F. Walsh, J. The question presented in this case is the effect of an injured employee's negligence, and the consequent reduction in the employee's recovery from a third-party tortfeasor, on the employer's or carrier's statutory lien in the amount of workers' compensation benefits paid to

the employee to the date of the recovery. MCL 418.827(5); MSA 17.237(827)(5).

Plaintiff Patricia Land suffered work-related injuries on April 6, 1972, and has been receiving workers' compensation benefits from her employer, intervening plaintiff General Motors Corporation, Assembly Division. She also filed a civil action in tort against defendant, The George Schmidt Company, to recover damages for her April 6, 1972, injuries. Defendant was the manufacturer of the machine which plaintiff was using at the time of her accident. The tort action ended in a pretrial settlement in the amount of $300,000. The parties stipulated that plaintiff had been 50% negligent; the settlement amount reflected the appropriate comparative negligence adjustment. *Placek v Sterling Heights*, 405 Mich 638; 275 NW2d 511 (1979), *reh den* 406 Mich 1119 (1979).

Asserting its statutory right to a lien against the proceeds of the settlement in the amount of workers' compensation benefits paid to plaintiff to date, General Motors Corporation, Assembly Division, intervened. MCL 418.827(5); MSA 17.237(827)(5). The circuit court ruled that intervening plaintiff's statutory lien was to be reduced by 50%, the stipulated adjustment for plaintiff's negligence. Intervening plaintiff appeals.

The Worker's Disability Compensation Act (WDCA) provides that acceptance of compensation benefits shall not act as an election of remedies; injured employees may also proceed to enforce the liability of third-party tortfeasors for their work-related injuries. MCL 418.827(1); MSA 17.237(827)(1). After deduction for expenses of the recovery, however, any recovery from a third-party tortfeasor must first be used to reimburse the employer or workers' compensation carrier for

compensation benefits paid or payable to date; the balance of the recovery is to be treated as a credit against compensation benefits to be paid in the future. MCL 418.827(5); MSA 17.237(827)(5).[1] Under this system, the injured employee ultimately receives the more generous of the two recoveries— tort or workers' compensation. *Great American Ins Co v Queen,* 410 Mich 73, 89; 300 NW2d 895 (1980).

MCL 418.827(5); MSA 17.237(827)(5) provides clearly and unambiguously that the employer or carrier is to be reimbursed from "any recovery" against a third party for "any amounts" paid or payable to the employee under the WDCA as of the date of the recovery. The statute speaks for itself; there is no room for judicial interpretation or construction. The judiciary has no alternative but to apply the statute in accordance with its plain meaning. *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959); *Lawrence v Dep't of Corrections,* 88 Mich App 167; 276 NW2d 554 (1979), *lv den* 407 Mich 909 (1979); *Eagle Trucking Co v Dep't of Treasury,* 115 Mich App 667; 321 NW2d 765 (1982); *Butler v Newaygo,* 115 Mich App 445; 320 NW2d 401 (1982). By ordering that intervening plaintiff was entitled to reimbursement of only 50% of the amounts paid to

---

[1] "In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits."

plaintiff under the WDCA, the court impermissibly strayed from the statute's plain language.

The circuit court's order is vacated. Remanded for entry of an order consistent with this opinion.