Billy Austin GOODMAN, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, et al., Appellees.

No. 13-85-341-CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1985.

O.F. Jones, Victoria, for appellant.

Daniel Diaz, Jr., San Antonio, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment in a workers' compensation case. Appellant Billy Austin Goodman sued The Travelers Insurance Company and the Texas Industrial Accident Board, seeking reimbursement for expenses in treatment of a job-related injury and a declaration of his rights and liabilities as to future medical expenses. Appellant later non-suited the Industrial Accident Board. After appellant Goodman and appellee The Travelers Insurance Company filed stipulations concerning this suit, the trial court granted appellee's motion for summary judgment. We affirm.

The stipulation agreement of the parties establishes the following facts. Appellant was injured in a job-related accident on September 14, 1976. Travelers paid him over $100,000.00 in workers' compensation benefits as a result. Appellant then commenced a third party action, in which appellee intervened, against three defendants. One of the defendants settled for $308,-000.00. Of this amount, by agreement, Travelers received $50,000.00. This was the parties' sole recovery, because the jury decided that the settling defendant was 100% responsible for appellant's injuries.

After the third party action concluded, appellant incurred some $1,134.05 in further medical expenses for treatment of his job-related injury. After appellee refused to reimburse appellant for these expenses, appellant filed a claim with the Industrial Accident Board. The claim was denied, and appellant's appeal of the Industrial Accident Board's ruling was an original basis of this action. Appellant also sought to establish by declaratory judgment that he was entitled to compensation from Travelers for medical expenses he would incur in the future. Both sides moved for summary judgment, and appellee Travelers' motion was granted.

Appellant Goodman argues three points of error: that appellee was improperly granted summary judgment, that the trial court should have declared the rights of the parties, and that his own summary judgment motion should have been granted. We treat these points of error together.

■ Appellant first argues the existence of a genuine issue of material fact concerning the parties' intention when they divided the recovery from the third party action. Both parties obviously anticipated a jury verdict that would exceed the $308,000.00 from the settling defendant, since the agreement simply provided that appellee was to get $50,000.00 from the first $150,-000.00 to be paid by the settling defendant, and the balance of its subrogation interest ($66,459.28) from any recovery beyond the settlement amount. The one-page agreement is silent on payment of appellant's future medical expenses. However, the in-

tent of the parties is not in question. The matter is controlled by statute.

The stipulated facts in this action clearly show that appellant's recovery from the third party action greatly exceeded the amount of past benefits and medical expenses for which appellee was reimbursed. In this situation, TEX.REV.CIV.STAT. ANN. art. 8307, § 6a (Vernon Supp.1985) provides:

> If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments ... When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association....

The clear language of § 6a establishes as a matter of law that appellee is not liable for further benefit payments as long as the advance is adequate. "[T]he claimant may not be permitted to pursue to conclusion a third-party claim and then seek workmen's compensation without accountability to the carrier for sums recovered. To hold otherwise would render totally ineffective [§ 6a] and permit a double recovery by the employee." *Granite State Insurance Co. v. Firebaugh*, 558 S.W.2d 550, 553 (Tex.Civ. App.—Eastland 1977, writ ref'd n.r.e.).

Appellant next contends that the amount to be treated as appellee's advance should be limited to the $31,500.00 found by the jury to be appellant's future medical expenses. He apparently would have us construe § 6a to say that attorney's fees, mental anguish and other items should be subtracted to reach the "net amount recovered" by appellant.

While the term "net amount" in the statute may arguably be ambiguous, we need not construe it in this case. Appellant's recovery came from a settlement with one of the third party defendants, and thus the jury's findings on each element of damages is not applicable to the amount of recovery. It is immaterial that the jury found the settling defendant entirely responsible for appellant's injury. That defendant was no longer a party to the action, and appellant's recovery did not come from the jury verdict.

We also note that the Court in *Charter Oak Fire Insurance Co. v. Currie*, 670 S.W.2d 368 (Tex.App.—Dallas 1984, no writ), concluded that the entire amount recovered in a third party action would constitute the "advance fund" under § 6a where the injured worker sought benefits from the insurance carrier after concluding a third party action. *See id.* at 370. The Dallas Court apparently read "net amount recovered" to mean the entire amount of recovery, minus only the insurance carrier's subrogation interest.

■ Appellant also complains that the trial court should have declared the Industrial Accident Board's duty to act on claims for expenses accrued by appellant. Since appellant non-suited the Industrial Accident Board, this relief was properly denied. The other findings requested by appellant's prayer for declaratory judgment, as he states in his brief, were cured by the stipulations entered into between him and appellee.

The judgment of the trial court is affirmed.