Thomas F. KELSH, Appellee,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

Civ. No. 11137.

Supreme Court of North Dakota.

June 19, 1986.

Stenehjem, Foss & Moore, Bismarck, for appellee; argued by Sherry Mills Moore.

Clare Hochhalter, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for appellant.

Lundberg, Nodland, Lucas & Schulz, Bismarck, for amicus curiae North Dakota Trial Lawyers Assn.

GIERKE, Justice.

The North Dakota Workmen's Compensation Bureau (the Bureau) appeals from a district court judgment determining that Thomas F. Kelsh has reimbursed the Bureau for expended benefits to the extent required by § 65-01-09, N.D.C.C. We reverse and remand.

Kelsh was injured while working in October 1979. The Bureau paid Kelsh benefits in the amount of $11,236.95. Kelsh sued a third party and was found to have sustained damages of $44,477.24. The damages found were reduced by 20 percent because of negligence attributed to Kelsh. Kelsh received a judgment in the amount of $36,791.10 (including costs).

The Bureau resolved that it was entitled to reimbursement of the $11,236.95 it had paid Kelsh in benefits, less attorney fees and costs, for a total reimbursement of $7,121.97. Kelsh paid the Bureau 80 percent of the amount the Bureau expended in benefits, less attorney fees.

Asserting that, because he could recover only 80 percent of his damages because of the 20 percent negligence attributed to him, the Bureau could recover only 80 percent of its expended benefits, Kelsh brought an action for a declaratory judgment that he owed the Bureau nothing further. Judgment was entered in favor of Kelsh and the Bureau appealed.

The issue on appeal is whether or not the trial court correctly concluded that the Bureau's reimbursement for benefits paid to

Kelsh should be reduced by the percentage of negligence attributed to Kelsh.

Section 65–01–09, N.D.C.C., provides, in part, that when an injured employee recovers damages from a third party:

"[t]he fund shall be subrogated to the rights of the injured employee ... to the extent of fifty percent of the damages recovered up to a maximum of the total amount it has paid or would otherwise pay in the future in compensation and benefits for the injured employee...." [1]

Thus, the fund succeeds to Kelsh's right to 50 percent of the damages recovered by Kelsh, up to the stated maximum. While the damages recovered by Kelsh reflect a 20 percent reduction from the damages he sustained because of negligence attributed to him, we are unable to construe the language employed in § 65–01–09, N.D.C.C., to permit or require further reduction of the fund's interest in the damages recovered by the percentage of negligence attributed to Kelsh.

The disposition of this appeal is controlled by our recent decision in *State ex rel. Workmen's Compensation Bureau v. Clary,* 389 N.W.2d 347 (N.D.1986), in which we rejected an injured employee's contention that the Bureau's subrogation interest should be reduced by the percentage of negligence attributed to the injured employee in an action against a third party.

The judgment is reversed and the matter is remanded for entry of a judgment in favor of the Bureau for reimbursement of expended benefits without reduction for the percentage of negligence attributed to Kelsh.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

1. While the statutory language in effect at the time of Kelsh's injury limited the fund's subrogation interest to 50 percent of the damages recovered up to a maximum of the amount "paid or to be paid," rather than the present "it has paid or would otherwise pay in the future," this difference in language is irrelevant to the issue raised in this appeal. Other differences in language are similarly irrelevant to the issue raised in this appeal.