**Robert TOLAR, Plaintiff-Appellant,**

v.

**CATERPILLAR TRACTOR COMPANY, Defendant,**

**Standard Fire Insurance Company, Intervenor-Appellee.**

No. 86–2009.

United States Court of Appeals, Fifth Circuit.

July 3, 1986.

March H. Coffield, Seals, Stover, Coffield, Gatlin & Bisbey, Jasper, Tex., for plaintiff-appellant.

---

W.T. Womble, Crain, Caton, James & Womble, Houston, Tex., for Caterpillar.

Edward J. Hennessy, Hennessey & Associates, Suzanne Underwood, Dandra N. Edison, Houston, Tex., for Standard Fire Life Ins. Co.

Before GEE, RANDALL, and DAVIS, Circuit Judges.

GEE, Circuit Judge:

In 1982 Robert Tolar fell from a bulldozer in the course of his employment and was injured. He recovered benefits from his employer's insurer, The Standard Fire Insurance Company ("Standard Fire"), under the Texas Workers' Compensation Law, Vernon Ann.Tex.Stat.Art. 8306, et. seq. Tolar later brought this diversity action against the manufacturer of the bulldozer, the Caterpillar Tractor Company, alleging that its negligent design was the proximate cause of his fall and injury. Standard Fire intervened in this action to recover $58,625.82 it paid in compensation benefits.

At trial the jury found that Tolar's negligence and Caterpillar's design defect combined to produce Tolar's fall, and further found that each contributed 50 percent to the accident. The jury awarded $135,000 in damages. Previous medical expenses of $14,340.44 were stipulated to by the parties and were not submitted to the jury. Since the total damages sustained by Tolar amounted to $149,340.44, the district judge entered one-half of this amount, $74,670.22, as the final judgment against Caterpillar. The court further ordered that Standard Fire should recover 100 percent of its claimed intervention of $58,625.82 out of this award, with the remaining balance of $16,044.40 accruing to Tolar. Tolar now appeals the award to Standard Fire, contending that the district court erred in failing to reduce Standard Fire's recovery by 50 percent.

§ 6a(a) of Art. 8307 (Vernon Ann.Tex. Civ.Stat.) of the Texas Workers' Compensation Act provides:

If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages ...

If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.

... If at the conclusion of a third party action a workman's compensation beneficiary is entitled to compensation, *the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid* .... (emphasis added).

In interpreting § 6a, the Texas Supreme Court has declared:

[T]he function of Section 6a is to protect *both* the injured workman's right to recovery from a negligent third party and the carrier's right to recoup funds paid in response to a workman's compensation claim from the negligent third party [citation omitted]. *The carrier is entitled to recoupment of its claims first to the extent of all compensation paid.* *Fort Worth Lloyd's v. Haygood,* 151 Tex. 149, 246 S.W.2d 865 (1952). Under Section 6a the employee is entitled to any portion of the judgment in excess of the workman's compensation which has been paid plus reasonable litigation costs.

*Watson v. Glenn Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974).

We find the Texas Supreme Court's interpretation to be unequivocal: Under Section 6a, a workers' compensation insurance carrier is subrogated to all rights of the insured employee against the negligent third party and the insurer is entitled to recoup its compensation payments to the extent the damage award against the third party is large enough. Any amount of the damage award in excess of the carrier's payments goes to the employee. Tolar argues, however, that Texas Supreme Court's later case of *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984) necessarily modifies the rule of *Watson.* We disagree.

In *Duncan,* the Texas Supreme Court held that in product liability cases a plaintiff's damages are to be reduced by the percentage of causation attributed to the plaintiff, 665 S.W.2d at 429. Hence, the effect of *Duncan* on the carrier's rights under § 6a is that recoupment is limited to a damage award reduced by the percentage of fault of the employee.

In the facts at bar, Tolar suffered damages totaling $149,340.44, and the jury apportioned his fault at 50 percent. Hence, he was entitled to judgment in his favor for one-half of the $149,340.49, or $74,670.22, but Standard Fire was entitled to recoup all of its compensation payments, or $58,625.82, from the $74,670.22. Tolar is entitled to the balance, the amount properly awarded to him by the district court.

We therefore AFFIRM the judgment of the district court.