## Chad Brunet v. Liberty Mutual Insurance Group

[682 A.2d 487]

No. 95-443

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 12, 1996

*Thomas Z. Carlson* and *Eric M. Knudsen* of *Langrock Sperry & Wool*, Burlington, for Plaintiff-Appellee.

*Robert P. Gerety, Jr.* of *Plante, Hanley & Gerety, P.C.*, White River Junction, for Defendant-Appellant.

**Morse, J.** This interlocutory appeal arises from an opinion and order issued by the Addison Superior Court interpreting § 624(e) of the Vermont Workers' Compensation Statute, 21 V.S.A. ch. 9. The court held that where an injured employee recovers from a third-party tortfeasor, the workers' compensation carrier is entitled to recoup a sum that bears the same proportion to the total award that the employee's economic losses bear to his total damages. Thus, where the employee's economic damages constitute 10% of his total damages, the workers' compensation carrier would be entitled to only 10% of any award received. We reverse.

Plaintiff Chad Brunet was injured in the course of his employment when the truck he was driving was negligently struck by a vehicle owned by B&M Auto Parts. The injuries plaintiff sustained left him permanently paralyzed from the neck down. B&M has essentially conceded liability and has paid plaintiff $493,900, which is insufficient to compensate him fully.

As of February 2, 1995 defendant Liberty Mutual had paid plaintiff $491,581.52 in workers' compensation benefits to cover economic damages, including lost wages and medical expenses. Liberty Mutual continues to pay benefits, which eventually may exceed the sum of the award plaintiff received from B&M.

Plaintiff petitioned the Addison Superior Court for a declaratory judgment to the effect that a workers' compensation carrier is not entitled to reimbusement from a third-party award unless the award fully compensates the employee for all economic and noneconomic injuries. Defendant claimed that, under the plain language of 21 V.S.A. § 624(e), a carrier is entitled to be reimbursed from any recovery against third parties. Both parties moved for summary judgment, and the court ruled that a carrier is entitled to that portion of a third-party award that bears the same proportion to the total award that an employee's economic losses bear to his total damages. The court granted defendant permission to file an interlocutory appeal under V.R.A.P. 5(b)(1).

Although five questions were certified for review, the central issue in this case is the proper interpretation of 21 V.S.A. § 624(e), which reads as follows:

· In an action to enforce the liability of a third party, the injured employee may recover any amount which the employee or the employee's personal representative would be entitled to recover in a civil action. *Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under this chapter to date of recovery*, and the balance shall forthwith be paid to the employee or the employee's dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits. (Emphasis added.)

Plaintiff concedes that under the plain language of the statute a workers' compensation carrier is entitled to reimbursement from any third-party recovery up to the amount of benefits paid. Nevertheless, relying on *St. Paul Fire & Marine Insurance Co. v. Surdam*, 156 Vt. 585, 595 A.2d 264 (1991), plaintiff argues that "[t]he Vermont Legislature could not have intended that an injured employee must lose a noneconomic recovery to pay back economic damages received from a workers' compensation carrier," and that the proper interpretation of § 624 is the one advanced by the trial court. *Id.* at 590, 595 A.2d at 266. We disagree.

In *St. Paul*, an employee injured in New York received workers' compensation through her employer in Vermont. Recovery of damages was controlled by New York law, which proscribed third-party suits for economic damages. *Id.* at 588, 595 A.2d at 265. Plaintiff prevailed in a suit for noneconomic damages, and the Vermont workers' compensation carrier sought reimbursement from the third-party award. We held that where an "injured employee by law cannot recover economic losses from a third party, then her workers' compensation carrier should likewise not be entitled to recoup its losses from the injured employee." *Id.* at 590-91, 595 A.2d at 266-67. Our holding in *St. Paul* was narrow, and based on the peculiar circumstances of that case. It is inapplicable in a case where a worker-plaintiff may recover both economic and noneconomic damages from a third party. *Id.* at 589, 595 A.2d at 266. In that circumstance, the plain language of the section controls, and the workers' compensation carrier may recoup its compensation award from *any* recovery obtained in a third-party suit. *Id.*; see *Green Tree Credit Corp. v. Kenyon*, 163 Vt. 631, 632, 660 A.2d 296, 298 (1995)

(where statute's meaning is plain on its face, court will enforce it according to its terms).

Contrary to plaintiff's assertion, this interpretation is not at odds with the policies behind the workers' compensation statute. "Workers compensation law provides injured workers with expeditious and certain payments for economic losses without proof of fault and employers with limited liability." *St. Paul*, 156 Vt. at 589-90, 595 A.2d at 266. In exchange for the benefit of receiving prompt and certain compensation, the employee must reimburse the carrier if an award is obtained from a third party.

This rule may seem inequitable where, as here, the third-party award does not fully compensate the injured employee. In actuality, however, the workers' compensation statute has guaranteed plaintiff the substantial benefit of prompt and certain compensation for his economic losses, and has cost him nothing. Absent the statute, plaintiff would have received no more, and probably less, than he will ultimately recover here. Had the tortfeasor not conceded liability, plaintiff would have had to go to trial to recover anything at all, and in any case his recovery would have been limited by the tortfeasor's ability to pay. Here, although he must commit his award to reimbursing the carrier, he retains the benefit of ongoing workers' compensation payments, the total value of which may exceed that of the third-party award.

*Reversed and remanded for a computation of attorney's fees and expenses incurred in prosecuting the third party action.*