RENDERED: AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1498-WC

CHANTELLA BLACKBURN                     APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. 2022-WC-92472

K-VA-T FOOD STORES INC.;
HONORABLE JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS'
COMPENSATION BOARD                     APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

KAREM, JUDGE: Chantella Blackburn sustained a work-related injury and

received workers' compensation benefits from her employer, K-VA-T Food Stores.

She also received a personal injury settlement from a third-party tortfeasor. The

Workers' Compensation Board (Board) held that under Kentucky Revised Statutes (KRS) 342.700(1), K-VA-T Foods Stores is entitled to recover immediately the benefits it has paid to Blackburn from her civil settlement proceeds. Blackburn petitions for review, arguing that K-VA-T is entitled to recover only after it has paid benefits exceeding the pro rata amount of her attorney fees and costs, which are specifically exempted from subrogation by the statute. Upon careful review of our case law, we reverse the opinion of the Board regarding this issue and affirm in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Blackburn began working for K-VA-T in November 2014, moving products and rebuilding product displays and shelving. She was regularly required to lift over fifty pounds. On February 1, 2022, Blackburn was standing on a step stool moving some products on a shelf when an employee for a third-party vendor inadvertently left a shopping cart directly behind her. When Blackburn stepped backwards off the step stool, she hit the cart, fell, and broke her right wrist. She continues to experience wrist pain, numbness, and reduced grip strength.

Blackburn filed a workers' compensation claim and was assessed with a 6% impairment rating. The Administrative Law Judge (ALJ) awarded permanent partial disability (PPD) benefits and temporary total disability (TTD) benefits. K-

-2-

VA-T has paid medical expenses of $19,776.54 and income benefits of $5,469.89, totaling $25,246.43.

Blackburn also filed suit against the third-party vendor and settled the claim for a total payment of $295,000, with no allocation of damages. She filed a statement showing costs of $1,797.54 and attorney's fees of $118,000.

The ALJ determined that K-VA-T was entitled to recover subrogation proceeds from the personal injury settlement and then proceeded to calculate the portion of the settlement that was available for subrogation. He assessed the medical evidence and found that one-third of the civil settlement, $98,333.34, was intended to compensate for pain and suffering. Because an employer has no right of subrogation for items of damages that are not covered by workers' compensation, such as pain and suffering, the ALJ deducted this amount from the total. *See AIK Selective Self Ins. Fund v. May*, 957 S.W.2d 257, 260 (Ky. App. 1997) (citing *Hillman v. American Mut. Liability Ins. Co.*, 631 S.W.2d 848 (Ky. 1982)). The parties do not challenge this determination.

The ALJ also deducted amounts for attorney's fees and costs, resulting in a total amount available for subrogation of $117,400.82. The ALJ ruled that K-VA-T was entitled to recover immediately for the medical expenses and income benefits it had already paid, totaling $25,246.43, from Blackburn's

settlement and further held that K-VA-T was entitled to a credit against future benefits up to $92,154.39 (the total of $117,400.82 minus $25,246.43).

The Board affirmed the ALJ's finding that one-third of the civil settlement represented pain and suffering but held that the ALJ erred in calculating the reductions for legal fees and expenses. Previously, KRS 342.700(1) provided that all attorneys' fees and legal expenses were deducted from the employer's subrogation credit. The statute was amended in 2018 to provide that only a pro rata amount of the attorney fees and legal expenses was deducted. The pro rata share is intended to reflect only that portion of the fees that were used to obtain damages that are duplicative of the workers' compensation award. The Board held that although the ALJ had properly deducted two-thirds of the attorney's fees of $118,000, the same percentage had to be used to reduce the credit for legal expenses. This deduction reduced the subrogation credit by an additional $599.18.

The Board also agreed with the ALJ that K-VA-T was entitled to an immediate recovery from Blackburn's settlement proceeds. The dissent disagreed, stating that K-VA-T had to first pay income and medical benefits totaling the pro rata share of Blackburn's legal fees and expenses before it could recoup its subrogation credit.

This appeal by Blackburn followed.

## STANDARD OF REVIEW

When the Court of Appeals reviews a decision of the Board, "we reverse only where it has overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice." *GSI Commerce v. Thompson*, 409 S.W.3d 361, 364 (Ky. App. 2012) (citing *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)).

## ANALYSIS

The sole issue on appeal is whether K-VA-T is entitled to recover immediately the amounts it has paid Blackburn or whether the relevant statutory provision, KRS 342.700(1), permits recovery only after the amount K-VA-T has paid exceeds Blackburn's pro rata legal expenses. The Board's opinion devoted considerable time to addressing the method by which the actual pro rata share of the legal expenses should be calculated, but Blackburn has not raised this issue in her appeal, and it will not be addressed here.

KRS 342.700(1) "permits injured workers to seek full recovery for their injuries by allowing such workers to receive compensation from both the employer and a third-party tortfeasor so long as the injured worker does not receive double recovery for the injuries." *Bowlin Group, LLC v. Rebennack*, 626 S.W.3d 177, 182 (Ky. App. 2020) (citation omitted).

In relevant part, KRS 342.700(1) provides as follows:

Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against the other person to recover damages, or proceed both against the employer for compensation and the other person to recover damages, but he shall not collect from both. If the injured employee elects to proceed at law by civil action against the other person to recover damages, he shall give due and timely notice to the employer and the special fund of the filing of the action. If compensation is awarded or paid under this chapter, the employer, his insurance carrier, the special fund, the Kentucky coal workers' pneumoconiosis fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity and medical expenses paid and payable to or on behalf of the injured employee, less a pro rata share of the employee's legal fees and expense.

KRS 342.700(1).

The language "a pro rata share of" was added in 2018. Before the amendment, the statute stated simply, "less the employee's legal fees and expense[s]."

In the case *sub judice*, Blackburn incurred $119,797.54 in legal fees and expenses in the third party action. Blackburn argues that K-VA-T is not entitled to a subrogation lien until it has paid benefits that exceed the amount of her pro rata share of legal fees and expenses totaling $79,865. She points to the plain

language of the statute, which states that the employer's subrogation credit is "not to exceed the indemnity and medical expenses paid and payable to or on behalf of the injured employee, less a pro rata share of the employee's legal fees and expense." In other words, she contends that the legal fees and expenses of $79,865.43, should be subtracted from the employer's subrogation credit of $25,246.43, not from the remainder of her settlement. She acknowledges that this would result in a negative amount of $54,618.60 and that K-VA-T would be entitled to a credit only after paying this amount.

Relying on *Mastin v. Liberal Markets*, 674 S.W.2d 7 (Ky. 1984), the Board held that the benefits paid by K-VA-T could be recouped immediately from the civil settlement, on the grounds that Blackburn "cannot keep the past workers' compensation benefits, and then again keep the same monies resulting from the third-party settlement. The statute is clear that the injured worker cannot 'collect from both.'" In *Mastin*, the claimant became ill after inhaling an insecticide that was sprayed in her workplace. She filed suit against the extermination company and two chemical companies. She settled with the extermination company for a lump sum. Shortly thereafter, she received workers' compensation disability and medical benefits. The Kentucky Supreme Court held that her employer, insurer, and the Special Fund were entitled to immediate restitution as to such amount of her settlement that duplicated the workers' compensation benefits:

> This restitution should be provided by a common law
> judgment against [the claimant] for those amounts paid to
> her by [her employer, insurer and the Special Fund]
> which duplicate elements included in her settlement with
> [the exterminators], after attorneys fees and expenses,
> and in proportion to the amount allocated for elements
> not subject to statutory subrogation. In the event of
> future recovery from others potentially liable in Ms.
> Mastin's products liability case, the appellees are entitled
> to subrogation credited in accordance with the principles
> outlined in this opinion.

*Mastin*, 674 S.W.2d at 14.

In the case at bar, the Board held that there was simply no authority cited to support Blackburn's contention that no credit should be taken until K-VA-T has paid benefits equaling the pro rata share of legal fees and expenses incurred in the civil suit. It expressed concern that under Blackburn's methodology, the employer might never recoup the benefits it had paid.

But, two Kentucky Supreme Court opinions rendered after *Mastin*, *AIK Selective Self Ins. Fund v. Bush*, 74 S.W.3d 251 (Ky. 2002), and *AIK Selective Self-Insurance Fund v. Minton*, 192 S.W.3d 415 (Ky. 2006), proceeded on the assumption that the claimant's legal expenses were deducted from the employer's subrogation credit, not from the settlement, although they did not address the issue directly. In both *Bush* and *Minton*, as in Blackburn's case, the amount the employer or employer's insurer sought to recover in subrogation was less than the employee's legal expenses in the civil suit. Although *Bush* and *Minton* were

-8-

decided under the pre-2018 version of KRS 342.700(1) which permitted the deduction of the employee's entire legal fees and expense, they are still applicable in this case because the amount of Blackburn's pro rata legal fees and expense is considerably greater than the amount K-VA-T seeks to recover.

In *Bush*, the claimant was overcome by carbon monoxide while driving a forklift at work. He received workers' compensation benefits as well as damages in a lawsuit against his treating physician. The Court held that the employer was entitled to subrogation against the recovery made in the lawsuit, but also plainly stated that the employee's legal expense was to be deducted from the employer's portion of the recovery:

> KRS 342.700(1) specifies the rights and limitations of both the subrogor and the subrogee and tailors those rights and limitations to the peculiar nature of workers' compensation. It also requires that the employee's entire legal expense, not just a pro rata share, be deducted from the employers['] or insurer's portion of any recovery.

*Bush*, 74 S.W.3d at 257.

In *Minton*, the claimant received $28,227.11 in workers' compensation benefits. He also received $150,000 in a third-party civil tort settlement with legal fees and expenses of $68,475.59. The trial court found that because the legal fees and expenses exceeded the total amount of benefits paid by the employer, the employer was entitled to no subrogation recovery under KRS

-9-

342.700(1). The employer appealed, arguing that it was arbitrary to deduct the entire amount of legal fees and expenses.

> Appellant's subrogation credit was wiped out in this case because Appellees' total legal fees and expenses in the tort claim exceeded its subrogation claim. Appellant claims this interpretation of KRS 342.700(1) is unfair because a portion of those legal fees and expenses may be attributable to recovering tort damages (namely, pain and suffering) which are not duplicative of and are unrelated to the workers' compensation benefits it previously paid. Accordingly, Appellant argues that this Court should interpret KRS 342.700(1) so as to deduct only those legal fees and expenses that may be attributable to the recovery of tort damages which duplicate the workers' compensation benefits previously paid by the employer/insurer.

*Minton*, 192 S.W.3d at 417-18.

The Court disagreed, holding that it was not arbitrary to deduct the entire amount of the legal fees, even those used to recover damages that are not duplicative of workers' compensation benefits, stating:

> We find that it is not absurd or wholly unreasonable to accord the language of KRS 342.700(1) its literal and plain meaning. Tort claims involve a significant risk and require substantial energy in pursuing recovery. It is only fair to require employers/insurers benefiting from the fruits of such an endeavor to share in its costs.

*Minton*, 192 S.W.3d at 418. It concluded that "it is not arbitrary that the entire cost of pursuing the tort award (including those portions which do not duplicate the benefits paid as workers' compensation) should be deducted from an

-10-

employer/insurer's subrogation credit." *Id.* Although KRS 342.700(1) was subsequently amended to allow for the deduction only of those legal fees incurred in obtaining damages that are duplicative of the workers' compensation benefits, the underlying methodology of subtracting these fees from the employer's credit has not been affected.

A recent opinion of this Court, also decided under the pre-2018 version of the statute, cited *Minton* with approval:

> In *Minton*, an employee collected workers' compensation benefits, filed a tort claim against the third party who allegedly caused the injury, and the employer intervened to raise its subrogation claim. After the employee settled with the third party, the trial court denied the employer any right to subrogation because the employee's legal fees exceeded the benefits paid by the employer. The employer appealed, arguing it was unfair to deduct the employee's entire legal fees since some of the fees were incurred for pursuing tort damages. However, stressing the plain language of KRS 342.700(1), our Supreme Court disagreed and held it was not unfair to use an employee's entire legal expenses to reduce, or even eliminate, an employer's subrogation amount.

*Bowlin Group, LLC v. Rebennack*, 626 S.W.3d 177, 183 (Ky. App. 2020).

The Kentucky Supreme Court's plain statement in *Bush* that an employee's legal expenses are deducted from the employer's portion of any recovery, and its statement in *Minton* that it was not unfair to use the claimant's legal expenses to reduce or even eliminate the employer's subrogation amount have never been reversed. "As an intermediate appellate court, this Court is bound

-11-

by published decisions of the Kentucky Supreme Court. [Rules of the Supreme Court] SCR 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor Court." *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000). *See also Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 829 (Ky. App. 2014).

## CONCLUSION

In light of *Bush* and *Minton*, we reverse that part of the Board's opinion holding that K-VA-T is entitled to immediate reimbursement of the workers' compensation benefits it has paid to Blackburn. K-VA-T may begin to recover only when the benefits it has paid exceed Blackburn's pro rata share of the legal fees and expenses. The case is remanded for entry of an amended opinion reflecting this principle. The Board's opinion is affirmed in all other respects.

ALL CONCUR.

BRIEF FOR APPELLANT:

Pierre J. Coolen
Lexington, Kentucky

BRIEF FOR APPELLEE K-VA-T
STORES INC.:

Denise Moore Davidson
Hazard, Kentucky

-12-